# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**FERNANDO GREEN**                                                            **PLAINTIFF**

**V.**                                             **CASE NO. 2:11CV173**

**FAURECIA AUTOMOTIVE SEATING, INC.**          **DEFENDANT**

## MEMORANDUM OPINION

This cause comes before the court on Defendant Faurecia Automotive Seating, Inc.'s (Faurecia) motion to compel arbitration and dismiss [9]. Plaintiff Fernando Green (Green) has responded in opposition to the motion. The court, having reviewed the memoranda and submissions of the parties, concludes that the motion should be granted.

## I. BACKGROUND

Green worked as a line operator and supervisor at Faurecia, an automotive seating manufacturing company. When Green applied for this employment on February 14, 2005, he signed a document that was included in his employment application and entitled "Acknowledgements and Arbitration Agreement" (Agreement). The Agreement provides in pertinent part as follows:

> I agree that any and all employment-related legal disputes, including but not limited to discrimination and other wrongful employment practice claims, between myself and the Company, will be resolved through final, mandatory, and binding arbitration, with the exception

> of workers' compensation, unemployment compensation, unfair competition/trade secret claims, breach of confidentiality, and any restrictive covenant claims. After I pay a filing fee equal to the fees applicable in local courts, the Company will bear the costs of the arbitrator, a stenographer for the arbitration hearing, and American Arbitration Association fees. Any arbitration will be governed by the National Rules for the Resolution of Employment Disputes of the American Arbitration Association, except as otherwise mutually agreed to by the parties. I can request and receive copies of these rules from the Company.
>
> My signature below indicates that I have read and understood the above paragraphs.

Def. Mot. to Dism. & to Compel Arb. Ex. A, at 1.

In the underlying action, Green seeks damages for alleged wrongful discharge, promissory estoppel, and violation of the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq*. Faurecia contends that, pursuant to the Agreement, Green's legal claims should be compelled to arbitration because they arise out of Green's employment with Faurecia.

## II. DISCUSSION

Under the Federal Arbitration Act (FAA), written arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA "mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed . . . absent a ground for revocation of the

2

contractual agreement." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

A two-step inquiry determines whether a party should be compelled to arbitrate. *Sherer v. Green Tree Servicing LLC*, 548 F.3d 379, 381 (5th Cir. 2008) (citation omitted). The court must first determine whether the parties agreed to arbitrate the dispute. *Id.* Next, the court must decide whether any legal constraints render the claim nonarbitrable. *Id.*

Neither party contends that any policies or statutes render Green's claims nonarbitrable. The court therefore focuses on the first inquiry: whether a valid agreement to arbitrate exists. This determination requires two showings: (1) that there is a valid arbitration agreement between the parties; and (2) that the dispute falls within the scope of the arbitration agreement. *Id.* Faurecia has shown that Green's claims, which arise out of his employment and subsequent demotion and termination, constitute wrongful employment practice claims. As such, the dispute is within the parameters of the Agreement.

The showing that the parties formed a valid agreement is generally governed by state contract law principles. *Cook v. GGNSC Ripley, LLC,* 786 F. Supp. 2d 1166, 1169 (N.D. Miss. 2011) (citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995). Under Mississippi law, a valid contract includes the following elements: "(1) two or more contracting parties, (2) consideration, (3) an

agreement that is sufficiently definite, (4) parties with legal capacity to make a contract, (5) mutual assent, and (6) no legal prohibition precluding contract formation." *Byrd v. Simmons*, 5 So. 3d 384, 388 (Miss. 2009) (citations omitted). According to Green, the Agreement is unenforceable because it: (1) lacks mutual assent; (2) lacks consideration; and (3) is substantially unconscionable.

Green first argues that the Agreement is invalid due to lack of mutual assent. Green claims that the Agreement is merely a statement, rather than a contract, because Faurecia did not sign the document, the Agreement was not signed contemporaneously with employment, Faurecia allegedly did not assent to the Agreement prior to the lawsuit, and the Agreement begins with the words "I agree," not "We agree."

The signing of a written instrument is normally a prerequisite to the agreement's execution. *Byrd*, 5 So. 3d at 389 (citing *Turney v. Marion County Board of Education*, 481 So. 2d 770, 774 (Miss. 1985). However, the party's signature "is not always essential to the binding force of an agreement." *Id.* Whether an unsigned writing constitutes an agreement "usually depends on the intention of the parties." *Id.* The signatures illustrate the parties' "mutuality or assent," but parties may instead show mutuality through "acts or conduct." *Id.*

By signature and through actions, Green and Faurecia, respectively, have assented to the Agreement. Green signed the Agreement, indicating he "read and

4

understood" the Arbitration provision. Although an instrument may be held void where "it was intended that all the parties should execute it and that each executes it on the implied condition that it is to be executed by the others," the lack of a signature line for Faurecia and the presence of the Agreement in Faurecia's application for employment indicate that it was never intended that Faurecia would have to sign the document to validate the Agreement. *Byrd*, 5 So. 3d at 389.

Faurecia's actions demonstrate the company's assent to the Agreement. The company included the Agreement in the application for employment, a prerequisite to the hiring of all employees including Green. The company relied on this application when hiring Green. Finally, Faurecia acted pursuant to the Agreement by filing the motion to dismiss and to compel arbitration.

Green contends that the Agreement fails because it was not signed contemporaneously with the employment agreement. However, this factor is not dispositive. Under Mississippi law, an agreement to arbitrate may be assented to through the continued employment of an employee. *May v. Higbee Co.*, 372 F.3d 757, 764 (5th Cir. 2004) (applying Mississippi law). Green's employment at Faurecia demonstrates that he assented to the terms of the Agreement which he signed in the employment application.

Further, the "I agree" language in the Agreement does not preclude Faurecia's assent. Mutuality of assent may be recognized despite seemingly one-

5

sided language where the arbitration agreement "reflects both parties' agreement to arbitrate disputes arising out of plaintiff's employment." *Singleton v. Goldman*, No. 3:11CV224TSL-MTP, 2011 WL 3844180, at *1, *2 (S.D. Miss. Aug. 30, 2011). The Agreement provides for arbitration of "any and all employment-related legal disputes." Such language demonstrates that both parties, not just Green, consented to arbitration. Thus, Green's first argument that the Agreement lacks mutual assent fails.

Green next argues that the Agreement lacks consideration. Green claims that the Agreement includes no promissory language by Faurecia. However, under Mississippi law, "[a]ll that is needed to constitute valid consideration to support a contract is a benefit to the promisor or a detriment to the promisee. *Frierson v. Delta Outdoor, Inc.*, 794 So. 2d 220, 224 (Miss. 2001) (citing *American Olean Tile Co. v. Morton*, 157 So. 2d 788, 790 (1963)). "If either of these requirements exist, there is a sufficient consideration." *Morton*, 157 So. 2d at 790. Faurecia required prospective employees applying through the WIN center to sign the Agreement. Thompson Aff. ¶ 3, Oct. 27, 2011. With his signature, Green promised Faurecia to bring certain employment-related legal disputes to arbitration and, in exchange, he received the benefit of employment. In *Singleton*, the court found adequate consideration where defendant employer "conditioned its decision to employ plaintiff on [the plaintiff's] signing the arbitration agreement," the defendant then

6

paid and employed the plaintiff, and the plaintiff received the benefit of employment. *Singleton*, 2011 WL 3844180, at *3. Green's employment in exchange for his promise to arbitrate thus amounts to adequate consideration.

Finally, Green contends that the Agreement is substantively unconscionable. Unconscionability is the "absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party." *Covenant Health & Rehab. of Picayune, LP v. Estate of Moulds*, 14 So. 3d 695, 699 (Miss. 2009) (citations omitted). To determine whether an agreement is substantively unconscionable, the court looks "within the four corners of an agreement in order to discover any abuses relating to the specific terms which violate the expectations of, or cause gross disparity between, the contracting parties." *Id.* (quoting *Vicksburg Partners, L.P. v. Stephens*, 911 So. 2d 507, 521 (Miss. 2005)). There must be "oppressive contract terms such that 'there is a one-sided agreement whereby one party is deprived of all the benefits of the agreement or left without a remedy for another party's nonperformance or breach. . . .'" *Moulds*, 14 So. 3d at 699-700 (quoting *Bank of Indiana, Nat'l Ass'n v. Holyfield*, 476 F. Supp. 104, 110 (S.D. Miss. 1979)). For example, a one-sided agreement might permit one party to have its day in court and restrict the other party to arbitration. *Moulds*, 14 So. 3d at 700. *See Pridgen v. Green Tree Fin. Servicing Corp.*, 88 F. Supp. 2d 655, 658 (S.D. Miss. 2000).

The Agreement is not substantively unconscionable. Green is not without a remedy, nor does the Agreement restrict one party to arbitration while granting the other an opportunity to litigate. The Agreement places no restrictions on the claims Green may make or the damages he may seek. Rather, Green and Faurecia are bound by the terms of the Agreement to the arbitration of certain claims and the litigation of others.

The Agreement contains mutual promises to arbitrate employment disputes. Under the FAA, parties who agree to arbitrate are not prevented "from excluding certain claims from the scope of their arbitration agreement." *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989) (citations omitted). Therefore, Green's argument that the Agreement is substantively unconscionable because it excludes certain types of claims from the arbitration requirement fails.

Plaintiff further alleges that the Agreement is substantively unconscionable because it is a contract of adhesion. An adhesion contract is an agreement which was "drafted unilaterally by the dominant party and then presented on a 'take-it-or-leave-it' basis to the weaker party who has no real opportunity to bargain about its terms." *Moulds*, 14 So. 3d at 701 (citations omitted). A contract of adhesion, however, is not automatically void. *East Ford, Inc. v. Taylor*, 826 So. 2d 709, 716

(Miss. 2002) (citations omitted). For the reasons stated above, the Agreement is not substantively unconscionable.

### III. CONCLUSION

The court finds that the arbitration agreement is valid and that Green's claims are arbitrable. ACCORDINGLY, the present action is dismissed. *See Armstrong v. Assocs. Int'l Holdings Corp.*, 242 F. App'x. 955, 959 (5th Cir. 2007) (citing *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992)) (noting that staying a cause of action serves no purpose where all the issues are arbitrable, and matters may be appropriately dismissed). Faurecia's motion to dismiss and to compel arbitration [9] is GRANTED. Pursuant to Fed. R. Civ. P. 58, a separate order will be entered.

This is the 21st day of June, 2012.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

9